Isaac N. Sutphin, P.C. (Wyo. State Bar # 6-3711)
Macrina M. Sharpe (Wyo. State Bar # 7-5757)
Colton R. Edwards (Wyo. State Bar # 8-7289)
HOLLAND & HART LLP
2020 Carey Avenue, Suite 800
P.O. Box 1347
Cheyenne, WY 82003-1347
Telephone: 307.778.4200
Facsimile:  307.778.8175
INSutphin@hollandhart.com
MMSharpe@hollandhart.com
CREdwards@hollandhart.com

ATTORNEYS FOR DEFENDANTS
COMPLETE HEALTH AND WELLNESS, LLC,
MARINE HOLDINGS, LLC, OLAV E. SANDNES
and GINA SANDNES

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| DOUBLE DOC RANCH, INC., a Wyoming corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>COMPLETE HEALTH AND WELLNESS, LLC, a Pennsylvania limited liability company, MARINE HOLDINGS, LLC, a Delaware limited liability company, OLAV E. SANDNES, an individual, and GINA SANDNES, an individual,<br><br>    Defendants. | Civil Action No. 1:24-cv-00132-SAH |

## DEFENDANTS MARINE HOLDINGS, LLC, OLAV E. SANDNES, AND GINA SANDNES' BRIEF IN SUPPORT OF MOTION TO DISMISS

Defendants Marine Holdings, LLC (Marine Holdings), Olav E. Sandnes, and Gina Sandnes (collectively "Defendants") submit this Brief in Support of their Motion to Dismiss the claims as asserted against them in the Complaint filed by Plaintiff Double Doc Ranch, Inc.

(Double Doc), pursuant to Federal Rule of Civil Procedure 12(b)(6), and respectfully state as follows:

## INTRODUCTION

Double Doc wrongfully names non-contracting parties as defendants in its breach of contract suit against Complete Health and Wellness, LLC (Complete Health). Complete Health is the only appropriate defendant in this case, based on the operative language of the contract at issue—which limits Double Doc's recourse to only contracting parties—and the well-known tenets of Wyoming law on corporate form. Marine Holdings, Olav E. Sandnes, and Gina Sandnes cannot be forcibly tethered to this litigation merely through their ownership interest in Complete Health. Business organizations, such as limited liability companies, provide many benefits, one of which is limiting the owners' liability. *See Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1362 (10th Cir. 1993) ("The law allows businesses to incorporate to limit liability and isolate liabilities among separate entities. One way liability is limited in corporations is that shareholders generally are not liable for the acts of the corporation.") (internal citations omitted). Double Doc asks the Court to flout this fundamental understanding of business organizations based on unsubstantiated conjecture and speculation.

Double Doc ignores that veil piercing is the rare exception, not the norm. The corporate liability shield can only be ignored in "extraordinary circumstances." *See GreenHunter Energy, Inc. v. W. Ecosystems Tech., Inc.*, 337 P.3d 454, 462 (Wyo. 2014). Double Doc's Complaint attempts to plead these extraordinary circumstances yet fails to provide facts supporting its claim. The Court should dismiss the veil piercing claim due to Double Doc's failure to plead sufficient facts and limit the case to the parties to the contract.

**STANDARD OF REVIEW**

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). "To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual allegations 'to state a claim to relief that is plausible on its face.'" *Murphy v. McDonough*, No. 23-1394, 2024 U.S. App. LEXIS 17713, at *2 (10th Cir. July 18, 2024) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *McKinney v. Granite Peak Fabrication*, No. 19-CV-00266-ABJ, 2020 U.S. Dist. LEXIS 257239, at *16 (D. Wyo. Mar. 12, 2020) (*quoting Iqbal*, 556 U.S. at 678).

**ARGUMENT**

**I.      Complete Health and Double Doc were the only parties to the contract.**

This is a simple contract case. Double Doc contracted only with Complete Health and the Court should properly limit liability to Complete Health. Membership in a limited liability company does not create liability for the members to cover "debts, obligations or other liabilities of a limited liability company. . . ." Wyo. Stat. § 17-29-304(a) (2024). The liability shield provided to members of an LLC is well established. *See e.g.*, *Gasstop Two, LLC v. Seatwo, LLC*, 225 P.3d 1072, 1077–78 (Wyo. 2010). The protection should be upheld in this case.

Double Doc admits that it contracted exclusively with Complete Health. (ECF No. 1, ¶ 10 ("On January 17, 2022, Double Doc and Complete Health executed a 'Equity Agreement'. . .").) The only way Double Doc implicates any of the other defendants in the transaction is by ownership interest, or when Mr. Sandnes acted on behalf of Complete Health as manager. Double Doc secured the transaction against the equipment it sold to Complete Health. (*Id.*, ¶ 11.) For Double Doc to bring claims against Marine Holdings, or Mr. and Mrs. Sandnes individually,

3

Marine Holdings and/or Mr. and Mrs. Sandnes would have had to sign a personal guaranty. It was made clear in the sales process that Marine Holdings and Mr. and Mrs. Sandnes would not agree to a personal guarantee. It was further clarified that the debt would have to be secured in the WLM business and its equipment, supplies and other assets only, and that only the entity purchasing the business—Complete Health—would provide a guarantee. Double Doc knowingly and voluntarily agreed to this arrangement, which is spelled out in no uncertain terms in the Equity Purchase Agreement. Double Doc further expressly agreed that the "Agreement may only be enforced against, and any Action based upon, arising out of, or related to this Agreement, or the negotiation, execution or performance of this Agreement, or the Transactions, **may only be brought against the named parties to this Agreement**[.]" Section 13.14 of the Equity Purchase Agreement (Equity Agreement), attached hereto as Exhibit A[1] (emphasis added).

      By securing against the equipment and agreeing to the limiting language above, Double Doc and Complete Health clearly defined what recourse would be appropriate if Complete Health defaulted on its obligations. Now, Double Doc attempts to ignore its negotiated and agreed recourse and the unequivocal language of the Agreement to pursue contractual strangers. The Court should uphold the terms of the Agreement and dismiss the defendants that are not named parties to the Agreement.

---

[1] While courts ordinarily do not consider materials outside the pleadings under Rule 12(b)(6), "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document" should not result in conversion of the motion to a motion for summary judgment. *Pension Beneficial Guarantee Corp. v. White Consolidated Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). If that were not the case, "a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document on which it relied." *Id.*

**II.      Double Doc failed to plead facts sufficient to support piercing the corporate veil.**

Beyond naming Marine Holdings and Mr. and Mrs. Sandnes in violation of the express limitations in the Agreement, Double Doc fails to provide facts to support its veil piercing claim generally. Double Doc's Complaint does little more than simply list the factors for piercing the corporate veil. (*Id.*, ¶¶ 55–64.) "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While the Court must accept well-pled facts in the Complaint as being true when considering a motion to dismiss, legal conclusions do not get the same deference. *Id.* ("Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation[.]'"). Double Doc's failure to support its hollow list of factors for piercing the corporate veil with facts requires dismissing the claims.

Wyoming has a two-prong veil-piercing test, before other factors are even considered. *Mantle v. North Star Energy & Constr. LLC*, 437 P.3d 758, 799 (Wyo. 2019) (quoting *GreenHunter*, 337 P.3d at 462). First, there must be a lack of separateness between the limited liability company and the parent company, such that the limited liability company is being misused. Second, there must be facts showing that failing to pierce the veil will lead to "injustice, fundamental unfairness, or inequity." *Id.* Neither prong is met in the present case.

**A.      Double Doc fails to allege the prongs to consider the veil piercing factors.**

It is unclear how Double Doc concludes there is a lack of separateness between Complete Health and its members, such that Complete Health is being misused. Double Doc makes allegations that Complete Health shares an office, staff, and accountant with Marine Holdings. Even if those allegations are taken as true and the Court believes an overlap in personnel

amounts to a lack of separateness—a very generous reading in that it is common practice for smaller companies to share resources—there are still no correlating allegations that suggest Complete Health is being misused.

Double Doc claims the only equitable outcome for Complete Health's alleged breach is to pierce the corporate veil. But why? If Complete Health breached its contractual obligations, Double Doc's security interest in the equipment, the business, and all other assets of WLM is available and can be returned to Double Doc. If this is an inequitable result, why did Double Doc contract to secure the Equity Agreement with the equipment? If the Court accepts Double Doc's claim that Complete Health breached the Equity Agreement, the equipment can be returned to Double Doc pursuant to the contract, and Double Doc would retain the payments it already received from Complete Health. That is an equitable result and the method of recovery that both parties chose. Double Doc fails to meet either prong of the initial veil piercing test. The Court's inquiry should stop here and it need not consider additional veil piercing factors.

### B. Double Doc relies on conclusory statements to support the veil piercing factors.

Even if the four factors for veil piercing are considered, Double Doc alleges no facts to support its claim. The four veil piercing factors that are relevant in Wyoming are "(i) Fraud; (ii) Inadequate capitalization; (iii) Failure to observe company formalities as required by law; and (iv) Intermingling of assets, business operations and finances of the company and the members to such an extent that there is no distinction between them." Wyo. Stat. Ann. § 17-29-304(c) (2024). Double Doc listed these elements in its Complaint, but only provided conclusory statements and no specific facts in support of these allegations.

To allege fraud, Double Doc states that the defendants have used the corporate form to "perpetrate a fraud." (ECF No. 1, ¶ 62.) Fraud is "a false representation by a defendant of material facts which are relied upon by a plaintiff to his damage." *McKenny v. Pacific First Fed. Sav. Bank*, 887 P.2d 927, 928 (Wyo. 1994) (quoting *Johnson v. Soulis*, 542 P.2d 867, 872 (Wyo. 1975)). To prove its fraud claim, Double Doc relies on statements from Complete Health about plans for Wyoming Legacy Meat, LLC. But Double Doc never points to a single false representation that Complete Health made to Double Doc. Double Doc also fails to show it suffered any personal damage if there was a false representation. Fraud requires the plaintiff to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Double Doc's facts to support fraud have nothing to do with fraud. Instead, they are merely evidence of requests to renegotiate the contract. Based on the definition of fraud, and the particularity pleading standard, the Court should find that Double Doc failed to properly allege the fraud factor.

The other three factors as alleged by Double Doc for veil piercing also rely solely on conclusory statements. To support undercapitalization, Double Doc makes a vague statement that Complete Health or Wyoming Legacy Meats have been undercapitalized since March of 2023. (ECF No. 1, ¶ 59.) It is unclear what facts are being offered to support failure to observe corporate formalities. There are allegations that Complete Health shares an office, some staff, and an accountant with Marine Holdings and other businesses owned by Mr. and Mrs. Sandnes. If these are the facts to support a failure to observe corporate formalities, they are incorrect. Corporate formalities deal with issues such as filings with the secretary of state or keeping meeting minutes. *See Fisser v. International Bank*, 282 F.2d 231, 240 (2d Cir. 1960). Double Doc has alleged no facts that a "[f]ailure to maintain the requisite corporate formalities" by

Complete Health has occurred. *Amfac Mech. Supply Co. v. Federer*, 645 P.2d 73, 82 (Wyo. 1982).

Finally, to support intermingling, Double Doc makes a conclusory statement that funds have been commingled. (ECF No. 1, ¶ 60.) Like its other allegations, that type of conclusory allegation will not suffice. Double Doc ignores that intermingling by itself is not enough, instead any intermingling must be to such an "extent that there is no distinction between [the company and the members]." Wyo. Stat. Ann. § 17-29-304(c) (2024). Double Doc completely fails to allege sufficient facts, as required by federal pleading standards, to pierce the corporate veil. Its claims as stated against Marine Holdings, Mr. Sandnes, and Mrs. Sandnes should be dismissed.

## CONCLUSION

This action should be limited to the participants in the contract. Including members of Complete Health in the lawsuit undermines the liability shield provided to owners of a limited liability company. Double Doc fails to plead any facts to show an extraordinary circumstance that permits piercing the corporate veil. Because Double Doc failed to comply with the pleading standards in *Iqbal* and *Twombly*, the Court should dismiss the claims against Marine Holdings, LLC, Olav E. Sandnes, and Gina Sandnes. Their ownership of Complete Health does not warrant a lawsuit against them as individual parties, and the claims against them are a direct violation of the Agreement itself.

DATED: November 4, 2024.

/s/ *Isaac N. Sutphin*
Isaac N. Sutphin, P.C. (Wyo. State Bar # 6-3711)
Macrina M. Sharpe (Wyo. State Bar # 7-5757)
Colton R. Edwards (Wyo. State Bar # 8-7289)
HOLLAND & HART LLP
2020 Carey Avenue, Suite 800
P.O. Box 1347
Cheyenne, WY 82003-1347
Telephone: 307.778.4200
Facsimile:  307.778.8175
INSutphin@hollandhart.com
MMSharpe@hollandhart.com
CREdwards@hollandhart.com

ATTORNEYS FOR DEFENDANTS
COMPLETE HEALTH AND WELLNESS, LLC,
MARINE HOLDINGS, LLC, OLAV E. SANDNES,
and GINA SANDNES

33351287_v2