Laurence Stinson, WSB #6-2918
Scott Stinson, WSB #7-4949
**STINSON LAW GROUP, P.C.**
1421 Rumsey Avenue
Cody, Wyoming 82414
T: 307.587.0300
F: 307.219.5969
E: laurence@stinsonlawyers.com
E: scott@stinsonlawyers.com

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| DOUBLE DOC RANCH, INC., a Wyoming corporation,<br>　　　　Plaintiff,<br>　vs.<br><br>COMPLETE HEALTH AND WELLNESS, LLC, a Pennsylvania limited liability company, MARINE HOLDINGS, LLC, a Delaware limited liability company, OLAV E. SANDNES, an individual, and GINA SANDNES, an individual,<br><br>　　　　Defendants. | Civil Action No. 1:24-cv-00132SWS<br><br>**PLAINTIFF'S ANSWER TO DEFENDANTS' COUNTERCLAIM** |
| COMPLETE HEALTH AND WELLNESS, LLC, a Pennsylvania limited liability company,<br>　　　　Counterclaim Plaintiff,<br><br>　v.<br><br>DOUBLE DOC RANCH, INC., a Wyoming corporation,<br><br>　　　　Counterclaim Defendant. | |

**COMES NOW** Plaintiff and Counterclaim Defendant, by and through counsel, Stinson Law Group, P.C., and hereby Answers the Counterclaim filed by Defendants/Counterclaim Plaintiff (herein "Defendants") on November 4th, 2024 as follows:

## PARTIES

1. Upon information and belief Plaintiff admits to Defendants Paragraph 1.
2. Plaintiff admits to Defendants Paragraph 2.

## JURISDICTION AND VENUE

3. Plaintiff admits to Defendants Paragraph 3.

## NATURE OF COUNTERCLAIMS

4. Plaintiff admits to Defendants Paragraph 4.
5. Plaintiff admits to Defendants Paragraph 5 and states the Equity Agreement speaks for itself.
6. Plaintiff admits to Defendants Paragraph 6 and states the Promissory Note speaks for itself.
7. Defendants Paragraph 7 calls for a legal conclusion and so no response is required. To the extent that Paragraph 7 characterizes the terms of the Equity Agreement, Plaintiff refers to that document, which speaks for itself, and denies all allegations or characterizations inconsistent with the same. Beyond that, Plaintiff does not know what "representations and warranties" Defendants are referring to. Except as expressly admitted, Plaintiff denies the allegations in Paragraph 7.

8. Defendants Paragraph 8 calls for a legal conclusion and so no response is required. To the extent that Paragraph 8 characterizes the terms of the Equity Agreement, Plaintiff refers to that document, which speaks for itself, and denies all allegations or characterizations inconsistent with the same. Except as expressly admitted, Plaintiff denies the allegations in Paragraph 8.

9. Within the terms of Section 4.18.1 of the Equity Agreement, Plaintiff admits Defendants Paragraph 9.

10. Defendants Paragraph 10 calls for a legal conclusion and so no response is required. To the extent that Paragraph 10 characterizes the terms of the Equity Agreement, Plaintiff refers to that document, which speaks for itself, and denies all allegations or characterizations inconsistent with the same.

11. Plaintiff admits that it produced a WLM equipment list totaling $1,384,768.87 and a WLM supplies list totaling $399,530.53. Defendants do not provide the lists they are referring to in their Paragraph 11, nor provide the date Plaintiff is alleged to have represented these values, nor state in what manner Plaintiff made such representation. As such Plaintiff makes no admissions beyond simply producing such lists, and denies any allegations not specifically admitted.

12. Plaintiff lacks sufficient information to either admit or deny the allegations in Defendants' Paragraph 12, specifically what Defendant CHW found or didn't find, and so denies all allegations therein.

13. Plaintiff lacks sufficient information to either admit or deny the allegations in Defendants' Paragraph 13, specifically what Defendant CHW found or didn't find, and so denies all allegations therein.

14. Plaintiff lacks sufficient information to either admit or deny the allegations in Defendants' Paragraph 14, specifically what Defendant CHW analyzed and any conclusions drawn from that, and so denies all allegations in Defendants Paragraph 14.

15. Plaintiff lacks sufficient information to either admit or deny the allegations in Defendants' Paragraph 15, specifically what Defendant CHW analyzed and any conclusions CHW may have drawn, and so denies all allegations in Defendants Paragraph 15.

16. Plaintiff denies the allegations in Defendants Paragraph 16.

17. Defendants Paragraph 17 calls for a legal conclusion and so no response is required. To the extent that Paragraph 17 characterizes the terms of the Equity Agreement, Plaintiff refers to that document, which speaks for itself, and denies all allegations or characterizations inconsistent with the same. Except as expressly admitted, Plaintiff denies the allegations in Paragraph 17.

18. Plaintiff lacks sufficient information to either admit or deny the allegations in Defendants Paragraph 18 not knowing what documents Defendants are specifically referring to and so denies the same.

19. Plaintiff admits Defendants Paragraph 19.

20. Plaintiff admits Defendants Paragraph 20.

21. Plaintiff admits that in a letter dated March 21, 2024 attorney Gary Edelson sent a claim for indemnification on behalf of CHW. Plaintiff lacks sufficient information to admit or deny what it is Defendant CHW found, and denies any allegations not specifically admitted including that the financial statements were inaccurate.

22. Regarding Defendants Paragraph 22, Plaintiff admits that is what the letter claims, but denies that the letter is true or accurate.

## FIRST COUNTERCLAIM FOR RELIEF

### (Breach of Contract)

23. Plaintiff realleges and incorporates its answers and responses in the preceding paragraphs as if they were fully set forth herein.

24. Plaintiff admits Defendants Paragraph 24.

25. Plaintiff denies Defendants Paragraph 25 regarding the allegations and Article 3 of the Equity Agreement stating affirmatively Article 3 is about ownership and authorization to sell. Regarding Article 4 of the Equity Agreement, Plaintiff admits Section 4.18.1 references "GAAP". Likewise Section 4.19 references "equipment". To the extent that Paragraph 25 characterizes the terms of the Equity Agreement, Plaintiff refers to that document, which speaks for itself, and denies all allegations or characterizations inconsistent with the same. Except as expressly admitted, Plaintiff denies the allegations in Paragraph 25.

26. Plaintiff denies Defendants Paragraph 26.

27. Plaintiff admits Defendants Paragraph 27 regarding the notice but denies Defendant CHW suffered a loss. Except as expressly admitted, Plaintiff denies the allegations in Paragraph 27.

28. Defendants Paragraph 28 calls for a legal conclusion and so no response is required. To the extent that Paragraph 28 characterizes the terms of the Equity Agreement, Plaintiff refers to that document, which speaks for itself, and denies all allegations or characterizations inconsistent with the same. Except as expressly admitted, Plaintiff denies the allegations in Paragraph 28.

29. Plaintiff admits on or about February 12th, 2024 Plaintiff acknowledge receipt of Defendants notice as alleged in Defendants Paragraph 29, but lacks sufficient information to know what Defendants are referring to in their allegation that Plaintiff did not substantively respond, and so Plaintiff denies the same.

30. Plaintiff denies the allegations in Defendants Paragraph 30.

31. Plaintiff denies the allegations in Defendants Paragraph 31 and affirmatively states Plaintiff did not breach the contract.

32. Plaintiff denies Defendants Paragraph 32.

33. All claims and allegations of Defendants not specifically admitted to are hereby denied.

## AFFIRMATIVE DEFENSES

Plaintiff Double Doc Ranch hereby asserts the following affirmative defenses to Defendants Counterclaim. Plaintiff pleads the following in-part for the purpose of non-waiver in accordance with Rule 8(c) of the Federal Rule. As discovery progresses, Plaintiff will amend as necessary. Plaintiff reserves the right to assert additional defenses based on discovery and as appropriate.

1. Defendants are in breach of the contract between the Parties.
2. Defendants claims are barred by the doctrine of unclean hands, waiver, release, acquiescence, accord and satisfaction or ratification.
3. Defendants are unjustly enriched.
4. Defendants have engaged in fraud.
5. Defendants have engaged in bad faith.
6. Estoppel.
7. Laches.
8. Defendants have failed to state a claim upon which relief can be granted.

9. Defendants damages, if any, were caused in-part or in whole by the acts or omissions of Defendants and so their claims are barred as a result.

10. Defendants damages, if any, were caused in-part or in whole by the acts or omissions of a third-party that Plaintiff has no control over.

11. Plaintiff has substantially performed.

12. Failure of consideration on the part of Defendants.

13. Without admitting any wrongful or unlawful conduct on the part of Plaintiff, if Defendants has suffered any damages, those are offset by the bad conduct of Defendants and the damages Defendants owe Plaintiff.

DATED this 25th day of November 2024.

_____
Scott Stinson
STINSON LAW GROUP, P.C.
1421 Rumsey Avenue
Cody, Wyoming 82414
T: 307.587.0300
F: 307.219.5969
E: scott@stinsonlawyers.com
*Attorney for Plaintiff*