Isaac N. Sutphin (Wyo. State Bar #6-3711)
Macrina M. Sharpe (Wyo. State Bar #7-5757)
Colton R. Edwards (Wyo. State Bar #8-7289)
HOLLAND & HART LLP
2020 Carey Avenue, Suite 800
P.O. Box 1347
Cheyenne, WY 82003-1347
Telephone: 307.778.4200
INSutphin@hollandhart.com
MMSharpe@hollandhart.com
CREdwards@hollandhart.com

ATTORNEYS FOR MARINE HOLDINGS, LLC, A DELAWARE LIMITED
LIABILITY COMPANY, OLAV E. SANDNES, AN INDIVIDUAL, AND GINA
SANDNES, AN INDIVIDUAL

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| DOUBLE DOC RANCH, INC., a Wyoming corporation,,<br><br>    Plaintiff.<br><br>vs.<br><br>COMPLETE HEALTH AND WELLNESS, LLC, a Pennsylvania limited liability company, MARINE HOLDINGS, LLC, a Delaware limited liability company, OLAV E. SANDNES, an individual, and GINA SANDNES, an individual,,<br><br>    Defendant. | Civil Action No. 1:24-cv-00132 |

**DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

## I. Introduction

Double Doc tries to make this case complex, but the facts alleged in the Complaint merely evidence an ordinary contractual dispute. Rather than focusing on the parties to the contract and the merits of that contractual dispute, Double Doc attempts to single out one member company, a corporate representative of the company who is not a member, and individual members of the member company in order to hold them liable when Gina Sandnes is simply a member of Marine Holdings, LLC (Marine Holdings), Marine Holdings is simply one member of Complete Health and Wellness, LLC (Complete Health), and Olav E. Sandnes is the manager of Complete Health, but only a member of Marine Holdings. Mr. Sandnes is and was merely operating within the scope of his representative capacity and authority for Complete Health, who is the only proper party to this contractual dispute. Plaintiff continues to state that veil piercing is necessary to achieve a just result but fails to plausibly support the required elements. Double Doc continues to ignore that it contractually waived its rights to sue anyone but Complete Health, and instead claims it could not have possibly foreseen the need to do so. Its failure to understand this clause as applying only for future disputes between the Parties is unreasonable and does not provide an excuse to ignore the terms of the contract. Because Plaintiff disregards the terms of its contract and fails to provide sufficient facts to support piercing the corporate veil, the Court should dismiss the claim and limit the Parties pursuant to the contract in dispute.

## II.   Argument

### A.   The Complaint is an example of impermissible shotgun pleading.

Double Doc fails to incorporate plausible facts into its veil piercing claim. To support allegations of breach of contract and breach of the implied covenant of good faith and fair dealing, Plaintiff alleged specific facts for each element—this is not true for Plaintiff's veil piercing claim. (ECF No. 1, ¶¶55–64.) Instead, Double Doc relies on its general allegations, effectively shotgun pleading. "Practically speaking, '[t]he shotgun pleader foists off one of the pleading lawyer's critical tasks—sifting a mountain of facts down to a handful of those that are relevant to a given claim—onto the reader." *Cantley v. Jacobson Holdings, Inc.*, No. 2:24-cv-02071-EFM-BGS, 2024 U.S. Dist. LEXIS 91726, at *5 (D. Kan. May 22, 2024) (quoting *Elec. Payment Sys., LLC v. Elec. Payment Sols. of Am. Inc.*, 2018 U.S. Dist. LEXIS 218793, 2018 WL 6790307, at *1 (D. Colo. Nov. 28, 2018)). Shotgun pleading does not comply with Rule 8 pleading standards and is an appropriate basis for dismissal. *Hart v. Salois*, 605 Fed. Appx. 694, 701 (10th Cir. 2015). By failing to incorporate all relevant and specific facts into Count III, Double Doc places the burden of analyzing its carefully selected handful of partial and general facts onto Defendants and the Court. This is inappropriate and warrants dismissal.

### B.   Double Doc's Complaint flouts the Agreement and Wyo. Stat. § 17-29-304.

Section 13.14 of the Equity Purchase Agreement (Agreement) is clear that only named parties to the Agreement can be parties to a lawsuit arising out of the Agreement. This is consistent with the protections granted to members and managers in Wyoming. In

Wyoming, "debts, obligations or other liabilities of a limited liability company" remain the debts of the company and "do not become the debts, obligations or other liabilities of a member or manager solely by reason of the member acting as a member or manager acting as a manager." Wyo. Stat. § 17-29-304(a) (2024). Marine Holdings and Mr. and Mrs. Sandnes are protected by this liability shield and Double Doc acknowledged the shield by reinforcing it in the Agreement. Marine Holdings merely acted as a member of Complete Health. Double Doc's representations show Mr. Sandnes acting on behalf of Complete Health as the manager. These acts are protected by Wyoming law and the Agreement.

### C.   Double Doc's facts are not probative of its claims.

Double Doc lacks relevant facts to support finding for any of the factors for veil piercing. Double Doc misrepresented the assets and financial statements of a failing company—a company which the Defendants are committed to turning around. To keep the business running despite the uncovered discrepancies in Double Doc's representations, Complete Health needed to renegotiate the contract. Double Doc distorts these efforts to renegotiate to a price that accurately represents the value of the company. But even in the light most favorable to Plaintiff, these facts do not show a justification to pierce the corporate veil.

#### 1.   Because Complete Health did not owe a legal duty to Double Doc, there was no constructive fraud.

Plaintiff's Response continues its attempts to stretch the limits of what constitutes fraud. Double Doc takes legitimate requests to renegotiate the Agreement and twists them

into fraudulent action. Rather than address how a request to renegotiate is fraudulent, Plaintiff directs the court back to irrelevant facts and provides a definition of constructive fraud. Constructive fraud requires breaching "a legal or equitable duty[.]" *GreenHunter Energy, Inc. v. W. Ecosystems Tech., Inc.*, 337 P.3d 454, 463 (Wyo. 2014). To find a legal or equitable duty for constructive fraud, there must be "a fiduciary or other similar relation of trust and confidence . . . between the parties." *Johnson v. Reiger*, 93 P.3d 992, 999 (Wyo. 2004). Wyoming has acknowledged "trustee-beneficiary, partnership, attorney-client, and principal-agency relationships" as well as informal fiduciary relationships. *Id.* These informal fiduciary relationships require one party to "purport[] to act or advise with the other's interests in mind." *Id.* Complete Health has never held itself out as acting in the interests of Double Doc. The Parties were opposed in an informed and negotiated business transaction; no reasonable party could assume the opposing party is acting in its interests. Lacking a legal basis to assert any fraud existed, Double Doc's facts are merely evidence of attempts to renegotiate after Complete Health discovered that the value of the business was misrepresented at the time of sale.

      **2.    Any undercapitalization is due to Double Doc's misrepresentations.**

Double Doc's analysis of undercapitalization in its Response is indicative of its lack of facts and a conclusory statement. In the Complaint, Double Doc estimated that Complete Health has been undercapitalized since March of 2023, but in the Response, it surmises that Complete Health has been undercapitalized "from the very beginning." (ECF No. 16 at 9, ¶1.) This moving target is evidence that Double Doc has no basis for

its claim. Complete Health has never claimed lack of funds, only a counter to the misrepresented value of the business. No discovery has taken place, and Double Doc has not referenced new evidence, but now it changes its claim. Rather than elaborate on the facts it pled, Double Doc asks this Court to drag in non-parties to the contract for a fishing expedition. If Double Doc cannot explain with specificity what its own Complaint means, Marine Holdings and Mr. and Mrs. Sandnes should not be forced to defend. Notably, Double Doc quotes *Mantle* to support its argument that Complete Health was undercapitalized. *Mantle* states "the LLC was continually undercapitalized by choice, not by external forces[.]" *Mantle v. N. Star Energy & Constr. LLC*, 437 P.3d 758, 799 (Wyo. 2019) (quoting *GreenHunter*, 337 P.3d at 465). Plaintiff's facts show that Complete Health was not undercapitalized by choice, but rather, if undercapitalized, it is due to Double Doc's misrepresentations of the business. Paragraph 35 of the Complaint discusses Double Doc's failure to sell the business in the condition it represented. (ECF No. 1, ¶ 35.) Complete Health's members continued to invest in the company to salvage the business. But their efforts could only go so far due to the misrepresentations—it turned out the business was worth substantially less than had been represented and continuing to invest in it was a losing proposition. Rather than let the business fail, Mr. Sandnes, as the Manager of Complete Health, tried to renegotiate to achieve a fair price based on the actual condition and value of the business at the time of sale. Any purported undercapitalization was based on Double Doc's misrepresentations, which induced Complete Health to pay a significantly higher price than the business was truly worth.

### 3. Double Doc fails to prove intermingling to the standard of injustice.

In its Response, Double Doc relies on facts from *GreenHunter* which helped that court find in favor of the intermingling factor. At best, only three of these facts are alleged in Double Doc's Complaint. There are no allegations that (1) the LLC's tax returns were consolidated with any member's tax returns, (2) the members were directly paying Complete Health's employees, or (3) that any member was manipulating the assets and liabilities of Complete Health. (ECF No. 16 at 11, quoting *Mantle*, 437 P.3d at 799-800).) This final factor is an important consideration. In *GreenHunter*, the court noted "[s]uch a disparity in the risks and rewards resulting from this manipulation would lead to injustice." *GreenHunter*, 337 P.3d at 467. Here, Complete Health has been continuously putting money into WLM, trying to keep the business operational. The members have only been saddled with continued investments, well above what was reasonably expected based on the Double Doc's representations, and Complete Health has received no benefits. Veil piercing is an equitable remedy, focused on preventing injustice, but the facts in this case fall short of the plausibility standard that an injustice to Double Doc has occurred. The few facts that Double Doc alleges in support of intermingling are insufficient to support the claim under federal pleading standards.

### D. Double Doc's alternative remedies are improper.

Double Doc provides a series of alternative remedies if the Court rules that Double Doc failed to plead sufficient facts to support veil piercing. But a dismissal of the claim is the only proper remedy. If Double Doc cannot meet the federal pleading standards

established in *Iqbal* and *Twombly*, the claim should be dismissed. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009), *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A failure to meet these standards does not allow a plaintiff alternative methods of enforcing the claim.

Double Doc's request to apply state procedural law based on *Wearmouth v. Four Thirteen, Ltd. Liab. Co.*, 2024 WY 116, 2024 Wyo. LEXIS 117 (Wyo. 2024), is inappropriate. Discovery is governed by the Federal Rules of Civil Procedure and state law is largely irrelevant for these purposes. *Mid Continent Cabinetry, Inc. v. George Koch Sons, Inc.*, 130 F.R.D. 149, 151 (D. Kan. 1990). Litigating discovery issues is also premature at this point. The Parties have not held a Fed. R. Civ. P. 26(f) conference to discuss discovery. The Court should ignore these requests as lacking authority in federal court and being premature.

Next, Double Doc argues that the Court should convert the motion to dismiss to a motion for summary judgment because Complete Health attached the Agreement to its motion. Typically, the court must do so when considering documents "outside the pleadings." *Cuervo v. Sorenson*, 112 F.4th 1307, 1312 (10th Cir. 2024). But Exhibit A falls into a valid exception.

> "[C]onversion to summary judgment when a district court considers outside materials is to afford the plaintiff an opportunity to respond in kind. When a complaint refers to a document and the document is central to the plaintiff's claim, the plaintiff is obviously on notice of the document's contents, and this rationale for conversion to summary judgment dissipates."

8

*GFF Corp. v. Assoc'd Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997). Double Doc extensively references the Agreement. (ECF No. 1, ¶¶ 10-11, 40-41, 44-45.) The Agreement is also central to its allegations because the alleged breach of contract relies on the terms of the Agreement. Based on this rationale, the Court should deny Plaintiff's request to convert the motion to dismiss to a motion for summary judgment.

Finally, Double Doc cites no rule or authority to support requiring Complete Health to post a bond. A cost bond is appropriate depending on "(1) the merits of plaintiffs' claims; (2) the ability or willingness of plaintiffs to pay any costs which might be assessed; and (3) substantial costs which might be incurred by defendant during preparation for trial." *Hartnett by Hartnett v. Catholic Health Initiatives Mt. Region*, 47 F. Supp. 2d 1255, 1256 (D. Colo. 1999) (citation omitted). The merits of Double Doc's claims are too uncertain at this point to force Complete Health to post a $1,573,409.35 bond. Because Complete Health has filed a counterclaim, it is just as likely that Double Doc will have a judgment entered against it and owe damages to Complete Health. Requiring a bond this early, with the merits of Double Doc's claims so uncertain, would result in a disproportionate and inequitable outcome for Complete Health. The appropriate remedy is to dismiss Double Doc's Count III.

## III.   Conclusion

Double Doc fails to meet the basic federal court pleading standards as to Count III. Instead, it provides a series of general facts and unsupported conclusory allegations. This is a prime example of impermissible shotgun pleading. Even if the facts had been properly applied to Count III, they are irrelevant. The facts show Defendants' efforts to

renegotiate terms, not fraud. Double Doc relies on cases finding intermingling that led to an injustice, which were based on completely different circumstances. Finally, Double Doc's insufficient facts and inconsistent allegations do not suffice to claim Complete Health is undercapitalized. Plaintiff is entitled to have the Complaint reviewed in its favor, but it does not have a right to have the facts reviewed in an unreasonable manner. A reasonable reading of the alleged facts shows that there is no basis to pierce the corporate veil. Mr. and Mrs. Sandnes and Marine Holdings should not be subjected to this suit for following their duties as manager and members of Complete Health. The Court should dismiss Count III.

DATED: November 25, 2024

/s/ Macrina M. Sharpe
Isaac N. Sutphin (Wyo. State Bar #6-3711)
Macrina M. Sharpe (Wyo. State Bar #7-5757)
Colton R. Edwards (Wyo. State Bar #8-7289)
HOLLAND & HART LLP
2020 Carey Avenue, Suite 800
P.O. Box 1347
Cheyenne, WY 82003-1347
Telephone: 307.778.4200
INSutphin@hollandhart.com
MMSharpe@hollandhart.com
CREdwards@hollandhart.com

Attorneys for MARINE HOLDINGS, LLC, a Delaware limited liability company, OLAV E. SANDNES, an individual, and GINA SANDNES, an individual

33693977_v3